OPINION
{¶ 1} Defendant-appellant, Vincent H. Beckman, appeals a decision of the Butler County Court of Common Pleas to sentence him to 11 months in prison.
 {¶ 2} Appellant pled guilty to possession of cocaine, possession of marijuana, and possession of drugs, all fifth-degree felonies. He also pled guilty to attempted possession of drugs, attempted illegal processing of drug documents, and attempted illegal manufacture of drugs or cultivation of marijuana, all first-degree misdemeanors, along with a fourth-degree misdemeanor of illegal use or possession of drug paraphernalia, and a minor misdemeanor disorderly conduct. The trial court accepted the pleas and convicted appellant on all charges.
 {¶ 3} The trial court held a sentencing hearing and sentenced appellant to 11-month sentences on each of the three fifth-degree felonies, with the sentences to run concurrently. The misdemeanor sentences imposed were to run concurrently with the felony sentences. Appellant now appeals the trial court's sentencing decision, raising four assignments of error.
Assignment of Error No. 1
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND CONTRARY TO LAW, IN IMPOSING AN INCARCERATED SENTENCE RATHER THAN COMMUNITY CONTROL, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND AGAINST IMPOSITION OF EXCESSIVE SENTENCES, SECURED TO HIM BY THEFOURTEENTH AND EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION, AND BY ART.I § 16 AND 9 OF THE OHIO CONSTITUTION."
Assignment of Error No. 2
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IMPOSING AN INCARCERATED SENTENCE GREATER THAN THE MINIMUM SENTENCE PROVIDED BY LAW, IN VIOLATION OF OHIO LAW AND APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND AGAINST IMPOSITION OF EXCESSIVE SENTENCES, SECURED TO HIM BY THE FOURTEENTH AND EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION, AND BY ART. I. § 19 AND 9 OF THE OHIO CONSTITUTION."
Assignment of Error No. 3
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IMPOSING AN INCARCERATED SENTENCE IN THAT PRISON IS PRECLUDED FOR FIFTH DEGREE FELONY OFFENDERS WHERE THE TRIAL COURT FINDS THAT NONE OF THE FACTORS SET FORTH IN R.C. 2929.13(B)(1)(A) THROUGH (I) EXISTS, IN VIOLATION OF OHIO LAW AND APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND HIS RIGHT AGAINST IMPOSITION OF EXCESSIVE SENTENCES SECURED BY THE EIGHTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ART. I. § 9 OF THE OHIO CONSTITUTION."
Assignment of Error No. 4
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING MAXIMUM INCARCERATED SENTENCES ON THE MISDEMEANOR COUNTS, IN VIOLATION OF OHIO LAW AND APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AND HIS RIGHT AGAINST IMPOSITION OF EXCESSIVE SENTENCES SECURED BY THE EIGHTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ART. I. § 9 OF THE OHIO CONSTITUTION."
 {¶ 8} Because they are related, we begin by addressing appellant's first and third assignments of error. In his third assignment of error, appellant contends that R.C. 2929.13 precludes imposition of a prison term for a fifth-degree felony offender where the trial court does not find any of the imprisonment factors set forth in R.C. 2929.13(B)(1)(a)-(i) applicable.
 {¶ 9} R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth-degree felony. Appellant contends that this provision requires the trial court to find that one of the imprisonment factors is applicable in his case before it can impose a prison sentence. In this case, the trial court stated that it did not find any of the R.C. 2929.13(B)(1)(a)-(i) factors applicable.
 {¶ 10} However, contrary to appellant's assertion, this court has previously held that the statute does not create a presumption that an offender who commits a fourth or fifth-degree felony should be sentenced to community control rather than prison. See, e.g., State v. Ladnow, Clermont App. No. CA2001-02-026, 2001-Ohio-8664; State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034. Instead, the statute gives general guidance and a disposition against imprisonment for an offender who commits a fourth or fifth-degree felony. Id.
 {¶ 11} R.C. 2929.13(B) provides a trial court with two ways to impose a prison term. The trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C. 2929.12. If the trial court finds after this review that (1) the offender is not amenable to community control, and (2) a prison term is consistent with R.C. 2929.11 purposes and principles of felony sentencing, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
 {¶ 12} A prison term may also be imposed when the trial court does not make a finding that one of the imprisonment factors under R.C.2929.13(B)(1) is applicable to the offender. In this circumstance, the trial court then reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the serious and recidivism factors enumerated in R.C. 2929.12. R.C. 2929.13(B)(2)(b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A). State v. Carr
(Jan. 31, 2000), Butler App. No. CA99-02-034.
 {¶ 13} Thus, we find no merit to appellant's argument that the trial court was not authorized to impose a prison sentence because it failed to find any of the R.C. 2929.13(B)(1)(a)-(i) factors applicable. Appellant's third assignment of error is overruled.
 {¶ 14} In his first assignment of error, appellant contends that even if this court finds that imposition of a prison term was possible without finding the R.C. 2929.13(B)(1)(a)-(i) factors applicable, it erred in determining that a community control sanction was inconsistent with the purposes and principles of sentencing.
 {¶ 15} As mentioned above, if a trial court does not make a finding that one of the imprisonment factors under R.C. 2929.13(B)(1) is applicable to the offender, it may impose a prison sentence if it determines imposition of a community control sanction is not consistent with the purposes and principles of felony sentencing as set forth in R.C. 2929.11, which are to protect the public from future crime and to punish the offender. R.C. 2929.12 provides factors for the trial court to determine whether a sentence is consistent with the purposes and principles of sentencing by examining the seriousness of the crime and the likelihood of recidivism.
 {¶ 16} In this case, the trial court stated that it had considered the purposes and principles of sentencing and had weighed the recidivism and seriousness factors, and although none of the R.C. 2929.13(B)(1)(a)-(i) factors existed, community control would be inconsistent with the purposes and principles of sentencing. The trial court further stated that community control would demean the seriousness of the offenses and that appellant was not amenable to community control sanctions with respect to the three felony convictions.
 {¶ 17} The trial court made all the requisite findings to sentence appellant to a prison term. Although it found none of the R.C.2929.13(B)(1)(a)-(i) factors existed, it stated that imposition of community control was inconsistent with the purposes and principles of sentencing. In addition, the trial court discussed the reasons supporting its findings. Regarding the likelihood of recidivism, the court found that appellant had a prior record, had failed to respond to community control sanctions in the past, and that appellant had a pattern of offenses related to drug abuse and refused to acknowledge and get treatment, at least up to the point of the current arrest.
 {¶ 18} With regard to the seriousness factors, the trial court found that while none of the statutory factors applied, the conduct was serious because appellant, while attending a "very good university," was found with a significant amount of marijuana growing, other drugs and drug residue inside his home. The trial court stated that this was a serious offense to occur in a college town by a defendant with advantages in life. The court also found that amount of drugs and amount of growing marijuana was very serious.
 {¶ 19} The trial court then stated that due to all the factors discussed, it would demean the seriousness of the offense and be inconsistent with the purposes and principles of sentencing to impose anything other than a prison sentence.
 {¶ 20} Appellant argues that the trial court did not consider the less serious factors and the factors indicating that appellant was less likely to recidivate. However, the trial court stated that it had weighed the recidivism and seriousness factors and had taken everything into consideration. The court was not required to explicitly state each of the factors that weighed both in favor and against each of the elements.
 {¶ 21} Appellant also argues that the trial court used the fact that he had advantages in life as an aggravating factor and held his "privileged" background against him. While the trial court mentioned the advantages appellant had in life several times during the hearing, it is apparent from the transcript that the trial court did not use this as an aggravating factor, or hold appellant's background itself against him. The trial court simply expressed that it was troubling that a person with advantages in life (unlike the majority of the criminal defendants before the court) had chosen to become involved in such a serious crime.
 {¶ 22} Appellant also argues that it was error for the trial court to find that he is not amenable to community control. He argues that the fact that he has stayed away from drugs and out of trouble in the two years since the indictment and is a productive member of society proves that he is capable of community control, and that the trial court must have evidence that some of the available local sanctions have been tried and failed.
 {¶ 23} However, despite appellant's argument, the court is not required in every situation to determine that local sanctions have been tried and failed. State v. Condon, 152 Ohio App.3d 629, 2003-Ohio-2335;State v. Brown, 146 Ohio App.3d 654, 2001-Ohio-4266. In this case, the court found the imposition of community control would be inconsistent with the purposes and principles of sentencing and discussed the seriousness of the offense and the factors weighing in favor of recidivism. Although there are factors that may weigh in favor of appellant being less likely to recidivate, it was the trial court's duty to weigh and balance these factors. We find no error in the trial court's determination that appellant was not amenable to community control.
 {¶ 24} After considering all of appellant's arguments relative to the imposition of a prison sentence in this case, we find that the trial court did not err in its decision to impose a prison sentence. Appellant's first assignment of error is overruled.
 {¶ 25} In his second assignment of error, appellant contends that the trial court erred by sentencing him to more than the minimum prison sentence. Specifically, he argues that although the trial court stated that the shortest prison term would demean the seriousness of the offense, the findings fail to support its decision.
 {¶ 26} The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it is required to make its findings on the record at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26.
 {¶ 27} As mentioned above, although the court stated that none of the statutory factors related to seriousness applied, it still found the conduct serious because appellant while attending college was found with a significant amount of marijuana growing, other drugs and drug residue inside his home. The trial court stated that this was a serious offense to occur in a college town by a defendant with advantages in life. The court also found that amount of drugs and amount of growing marijuana was very serious.
 {¶ 28} Furthermore, while the statute lists factors to be considered in determining seriousness, it also provides that the court "may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing." R.C. 2929.12(A). The section relating to the seriousness of the offense specifically lists factors to be considered, but states that "[t]he sentencing court shall consider all of the following regarding the offender, the offense or the victim, andany other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C.2929.12(B). Thus, the trial court could properly determine appellant's conduct was more serious and a minimum term would demean the seriousness of the offense although it did not find any of the statutory factors of R.C. 2929.13(B)(1) applied. In addition, it made its requisite findings on the record at the sentencing hearing. Appellant's second assignment of error is overruled.
 {¶ 29} In his fourth assignment of error, appellant contends that if this court should reverse the felony sentences and remand for resentencing, that the misdemeanor sentences also be reversed and remanded for resentencing. However, because we find no merit to appellant's assignments of error regarding his felony sentencing, we find discussion of this assignment of error is moot.
Judgment affirmed.
WALSH and POWELL, JJ., concur.